BLANCHE O. FOSTER, Respondent, *v.* HARRIS GOLDBERG,
Sued Herein as JOHN GOLDBERG, Appellant.

(Supreme Court, Appellate Term, First Department, November
Term — Filed December, 1921.)

Landlord and tenant — summary proceedings — rent — when prior
adjudication as to rental value not binding upon parties in
new proceeding.

> Where at the time of the trial of summary proceedings for
> non-payment of rent which the tenant pleaded was unjust,
> unreasonable, excessive and oppressive, there was no statute
> making a prior adjudication as to rental value binding upon
> the parties in a new proceeding brought for rent of the same
> premises for subsequent months, a final order awarding pos-
> session of the premises to the landlord entered upon a holding
> of the trial justice that a prior adjudication fixing the rental
> value of said premises was binding upon the parties in the
> absence of a change of conditions, and its refusal to accept
> evidence which the tenant sought to introduce, will be reversed
> and a new trial ordered.
>
> Whitaker, J., dissenting.

APPEAL by the tenant from a final order entered in
the Municipal Court of the city of New York, borough
of Manhattan, seventh district, awarding the pos-
session of the premises to the landlord.

Abraham Harris, for appellant.

H. I. & L. Cohen, for respondent.

LEHMAN, J. On January 4, 1921, the landlord
herein instituted summary proceedings against the
tenant for non-payment of the previous two months'
rent. The tenant pleaded that the rent demanded was
unjust, unreasonable, excessive and oppressive. The

trial took place on the 26th day of January, 1921. It appeared at the trial that the landlord had instituted similar proceedings for previous months' rent and that the court in those proceedings had fixed the rental at the amount which the landlord demanded in the proceedings now under consideration and that no facts have arisen since the period for which the prior adjudication has been made, affecting the rental value of the premises. The tenant, however, claimed and attempted to prove that the proof adduced at the previous trial by the landlord was not true and that the items of income were understated and the items of expense exaggerated. The trial justice held that the prior adjudication was binding upon the parties in the absence of a change of conditions and refused to accept the evidence which the tenant sought to introduce.

Section 7 of chapter 434 of the Laws of 1921 provides that " Where there has been an adjudication of the reasonable rental value of premises, such adjudication shall determine and be binding in any subsequent action between the same parties involving the rental value of the same premises for a subsequent period, unless the plaintiff or the defendant, as the case may be, plead and prove facts which have arisen since the period for which the prior adjudication has been made, affecting the rental value of the premises." That statute however, became the law only on April 30, 1921, and at the time of the trial there was no statute in existence which made a prior adjudication binding upon the parties in a new proceeding brought for rent of the same premises for subsequent months. Even the new statute recognized that such a prior adjudication cannot be regarded as absolutely binding under all circumstances, and in the absence of such statute either party who saw fit could

litigate the question anew. Of course in the new litigation such party might have difficulty in overcoming the natural inclination of the trial justice to follow a previous decision rendered by himself or by a judge or co-ordinate jurisdiction, but the trial justice was bound to accept evidence which might induce him to reach another conclusion.

Final order should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

DELEHANTY, J., concurs.

WHITAKER, J. (dissenting). I dissent solely upon the ground that it is unwise to reverse when the result of a new trial would be the same.

Order reversed.